IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA P. MAGANA, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; LSI TITLE COMPANY, a California Corporation; and NDEX WEST LLC, a Delaware limited liability corporation,<br><br>      Defendants.<br>                                      / | No. C 11-03993 CW<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, DIRECTING DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER AND REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION UNIT<br>(Docket No. 12) |

    In this foreclosure-related action, Plaintiff Victoria P. Magana applies <u>ex parte</u> for a temporary restraining order. She seeks to enjoin Defendants Wells Fargo Bank, N.A., and NDEx West LLC from proceeding with a trustee's sale of property located at 1113 Remington Court in Sunnyvale, California, which she contends is scheduled for September 1, 2011.[1] Plaintiff has filed a declaration, stating that Defendants have not contacted her as required by California Civil Code section 2923.5.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that

---

[1] Plaintiff has voluntarily dismissed her claims against Defendant LSI Title Company. (Docket No. 14.)

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Alternatively, preliminary injunctive relief could be granted when "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates a likelihood of irreparable harm and shows that the injunction is in the public interest.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).  In the Ninth Circuit, courts employ a "sliding scale" approach, under which "a stronger showing of one element may offset a weaker showing of another." Id.  For instance, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  Id.

California Civil Code section 2923.5 "concerns the crucial first step in the foreclosure process: The recording of a notice of default as required by section 2924." Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (2010).  Under section 2923.5, a lender

2

may not file a notice of default until thirty days after it has contacted "the borrower by phone or in person to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'"[2] Id. (quoting Cal. Civ. Code § 2923.5(a)(2)). "If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed." Id. at 223. The remedy for a failure to comply with section 2923.5 is "to postpone the sale until there has been compliance with" the statute. Id. (citing Cal. Civ. Code § 2924g(c)(1)(A)).

Plaintiff's declaration is sufficient to demonstrate she is likely to succeed on the merits of her claim under section 2923.5. Further, because the Remington Court property is likely to be sold at the foreclosure sale, Plaintiff has demonstrated that she is likely to suffer irreparable harm. The balance of equities tips in Plaintiff's favor because, in the absence of preliminary injunctive relief, she faces the sale of the Remington Court property; in contrast, as explained above, preliminary injunctive relief provided under section 2923.5 will only delay the foreclosure sale to permit compliance with the statute. Finally, the public interest favors vindicating the Legislature's intent "to have individual borrowers and lenders 'assess' and 'explore' alternatives to foreclosure." Mabry, 185 Cal. App. 4th at 223.

Accordingly, the Court GRANTS Plaintiff's ex parte application for a temporary restraining order. (Docket No. 12.)

---

[2] Alternatively, a lender may comply with section 2923.5 by completing the due diligence requirements of subdivision (g) of the statute. Mabry, 185 Cal. App. 4th at 221.

3

A temporary restraining order will be entered as a separate document.

Defendants are ordered to show cause why a preliminary injunction should not enter concerning Plaintiff's section 2923.5 claim.  Defendants' response shall be due September 2, 2011.  Plaintiff's reply, if necessary, shall be due September 6, 2011.  A hearing on whether a preliminary injunction shall enter will be held on September 8, 2011 at 2:00 p.m.

Pursuant to Civil L.R. 16-8 and ADR L.R. 2-3, the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit to assess this case's suitability for mediation or a settlement conference.  Plaintiff, her counsel and Defendants' counsel shall participate in a telephone conference, to be scheduled by the ADR Unit on a date before September 16, 2011.

Plaintiff, her counsel and Defendants' counsel shall be prepared to discuss the following subjects:

(1) Identification and description of claims and alleged defects in loan documents.

(2) Prospects for loan modification.

(3) Prospects for settlement.

(4) Any other matters that may be conducive to the just, efficient and economical determination of the action.

The parties need not submit written materials to the ADR Unit for the telephone conference.

//
//
//

In preparation for the telephone conference, Plaintiff and her counsel shall do the following:

(1) Review relevant loan documents and conduct a brief investigation of claims to determine whether the claims in this action have merit.

(2) If Plaintiff is seeking a loan modification to resolve all or some of her claims, she shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request.  Further, Plaintiff shall immediately notify Defendants' counsel of her request for a loan modification.

(3) Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification.  The general and financial information provided to Defendants may be in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for Defendants shall do the following.

(1) If Defendants are unable or unwilling to do a loan modification after receiving notice of Plaintiff's request, counsel for Defendants shall promptly notify Plaintiff and her counsel to that effect.

(2) Arrange for a representative of each Defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will provide the parties with additional information regarding the telephone conference, including the date it will be held.  After the telephone conference has been held, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

IT IS SO ORDERED.

Dated: August 29, 2011

CLAUDIA WILKEN
United States District Judge