1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  VICTORIA P. MAGANA, an                    No. C 11-3993 CW
   individual,
5                                            ORDER GRANTING
           Plaintiff,                        ATTORNEY'S MOTION
6                                            TO WITHDRAW,
      v.                                     SETTING BRIEFING
7                                            SCHEDULE FOR
   WELLS FARGO BANK, N.A.; LSI TITLE         MOTION TO DISMISS
8  COMPANY, a California                     AND MOTION TO
   Corporation; and NDEX WEST LLC, a         STRIKE, RESETTING
9  Delaware limited liability               ADR DEADLINE AND
   corporation,                              RESETTING CASE
10                                           MANAGEMENT
           Defendants.                       CONFERENCE
11  ═══════════════════════════════/

12

13       Movant Nick Pacheco, Esq., of Nick Pacheco Law Group, APC,

14  counsel for Plaintiff Victoria P. Magana, seeks leave of this

15  Court, pursuant to Local Rule 11-5(a), and under California Rules

16  of Professional Conduct 3-700, to withdraw as counsel for

17  Plaintiff.  Plaintiff opposes the motion.  The matter was heard on

18  October 6, 2011.  Having considered all of the parties'

19  submissions and oral argument on the motion, the Court GRANTS the

20  motion to withdraw.

21       Civil Local Rule 11-4(a)(1) requires attorneys practicing in

22  this district to "comply with the standards of professional

23  conduct required of members of the State Bar of California."  The

24  California Rules of Professional Conduct allow members of the

25  California Bar to withdraw from representation with leave of the

26  Court for several reasons, including if a client "renders it

27  unreasonably difficult for the member to carry out the employment

28  effectively," if the client "breaches an agreement or obligation

United States District Court
For the Northern District of California

to the member as to expenses or fees," or for "other good cause."
Cal. R. Prof. Conduct 3-700(C)(1)(d),(f), 3-700(C)(6).  Before
withdrawing, an attorney must take "reasonable steps to avoid
reasonably foreseeable prejudice to the rights of the client,
including due notice to the client, [and] allowing time for
employment of other counsel[.]"  Cal. R. Prof. Conduct
3-700(A)(2).

In the present case, Movant argues that there is good cause
for withdrawal under each of these subsections.  Movant contends,
and Plaintiff admits, that Plaintiff has stopped payment on the
retainer check and has refused to pay Movant.  Plaintiff asserts
that she is not required to pay Movant at this time, because she
employed Movant to perform a loan modification for her and she
does not have to pay Movant until he has obtained a loan
modification for her.  However, the record demonstrates that
Plaintiff employed Movant to pursue the instant action to prevent
the foreclosure of her house.  Movant also asserts that Plaintiff
has been uncommunicative with him and his firm, and that
Plaintiff's husband or boyfriend has harassed the firm.
Accordingly, the Court finds that Plaintiff's failure to pay for
legal services and the breakdown of the attorney-client
relationship, which renders representation unreasonably difficult,
constitute good cause for withdrawal.  Further, the Court finds
that Movant taken reasonable steps to avoid reasonably foreseeable
prejudice to Plaintiff, including providing Plaintiff with timely
notice of his intent to withdraw and of this Motion, allowing
ample time to secure alternate counsel, and continuing to
represent her in obtaining a preliminary injunction.

The motion to withdraw is GRANTED.  If Plaintiff wishes to pursue this litigation, she must retain new counsel or represent herself in propria persona.  Until and unless Plaintiff retains new counsel, Defendants must serve a paper copy on Plaintiff of any documents that Defendants file on the court's Electronic Case Filing system.

The current briefing and hearing schedules for Defendants' pending Motion to Dismiss and Motion to Strike are vacated. Plaintiff's opposition to those motions is due on November 17, 2011. Defendants' reply, if any, is due on November 28, 2011.  The motions will be decided on the papers.  If Plaintiff fails to file an opposition to these motions, this case will be dismissed for failure to prosecute.

In an order dated August 29, 2011, this Court referred the parties to the Alternative Dispute Resolution (ADR) Unit for an initial assessment by telephone by September 16, 2011.  The parties have participated in one telephone call with the ADR unit and have represented to the Court that they need to participate in a second call to complete the initial assessment.  The parties shall participate in a further telephone conference to be scheduled by the ADR Unit for a date before November 10, 2011.

The parties are currently set to appear for a case management conference on November 8, 2011 at 2:00 p.m.  This case management conference is continued to December 20, 2011 at 2:00 p.m. Pursuant to this Court's Local Rule 16-9(a) and the Standing Order for All Judges of the Northern District of California, the parties are to submit a Joint Case Management Statement, or separate statements, on or before December 13, 2011.  In the event that

Plaintiff fails to file a statement or does not appear at the
conference in person or through counsel, her claims will be
dismissed for failure to prosecute.

IT IS SO ORDERED.


Dated: 10/18/2011

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28