IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA P. MAGANA, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; LSI TITLE COMPANY, a California Corporation; and NDEX WEST LLC, a Delaware limited liability corporation,<br><br>        Defendants.<br>_____/ | No. C 11-03993 CW<br><br>ORDER GRANTING PRELIMINARY INJUNCTION AND ORDERING PAYMENT OF BOND |

On August 29, 2011, pursuant to the <u>ex parte</u> application of Plaintiff Victoria P. Magana, the Court entered a temporary restraining order (TRO) against Defendants Wells Fargo Bank, N.A., and NDEx West LLC,[1] preventing Defendants from proceeding with a trustee's sale of property located at 1113 Remington Court in Sunnyvale, California. Plaintiff now seeks a preliminary injunction against Defendants. Defendants oppose the motion. The motion was heard on October 6, 2011. Having considered oral arguments and the papers submitted by the parties, the Court GRANTS Plaintiff's motion, on the condition that she posts a bond.

BACKGROUND

In March 2007, Plaintiff obtained a mortgage loan from Defendants secured by a deed of trust against her real property at

---

[1] Plaintiff has voluntarily dismissed her claims against Defendant LSI Title Company. (Docket No. 14.)

1113 Remington Court in Sunnyvale, California. Defendants' records state that Plaintiff stopped making mortgage payments in the spring of 2009. On May 26, 2010, Defendants recorded a Notice of Default on the property. On August 27, 2010, Defendants recorded a Notice of Trustee's Sale. A non-judicial foreclosure sale was subsequently scheduled for July 8, 2011. Plaintiff filed a verified complaint in state court on July 7, 2011, the day before the scheduled foreclosure sale. On July 8, 2011, the state court issued a TRO postponing the trustee's sale until August 25, 2011. Defendant Wells Fargo filed a notice of removal to federal court on August 12, 2011.

## LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted). A court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm. Id. "Under

2

this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Id.

DISCUSSION

California Civil Code section 2923.5 "concerns the crucial first step in the foreclosure process: The recording of a notice of default as required by section 2924." Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (2010). Under section 2923.5, a lender may not file a notice of default until thirty days after it has contacted "the borrower by phone or in person to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'"[2] Id. (quoting Cal. Civ. Code § 2923.5(a)(2)). During this conversation, the lender must advise the borrower that the borrower may request additional meetings, which the lender must schedule within fourteen days, and the lender must provide the borrower with the toll-free telephone number for the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Cal. Civ. Code § 2923.5(a)(2). "If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed." Id. at 223. The remedy for a failure to comply with section 2923.5 is "to postpone the sale until there has been compliance with" the statute. Id. (citing Cal. Civ. Code § 2924g(c)(1)(A)).

---

[2] Alternatively, a lender may comply with section 2923.5 by completing the due diligence requirements of subdivision (g) of the statute. Mabry, 185 Cal. App. 4th at 221.

Plaintiff's declaration and verified complaint are sufficient to demonstrate she is likely to succeed on the merits of her claim under section 2923.5(a)(2). Although Defendants have submitted records documenting some communications between the parties that took place thirty days or more before the recording of the notice of default, these records do not demonstrate that Defendants complied with the requirements of section 2923.5(a)(2). Specifically, these documents do not show that Defendants initiated the requisite telephone calls or in-person meetings. These records also do not support that during these conversations Defendants informed Plaintiff of her right to request a further meeting in person or over the phone, to take place within fourteen days, or of the HUD toll-free telephone number. Defendants cannot meet the obligations of section 2923.5(a)(2) by sending form letters. Mabry, 185 Cal. App. 4th at 209-10.

Further, because the Remington Court property is likely to be sold at the foreclosure sale, Plaintiff has demonstrated that she is likely to suffer irreparable harm. The balance of equities tips in Plaintiff's favor because, in the absence of preliminary injunctive relief, she faces the sale of the Remington Court property; in contrast, as explained above, preliminary injunctive relief provided under section 2923.5 will only delay the foreclosure sale to permit compliance with the statute. Finally, the public interest favors vindicating the Legislature's intent "to have individual borrowers and lenders 'assess' and 'explore' alternatives to foreclosure." Mabry, 185 Cal. App. 4th at 223.

The Court, however, rejects Plaintiff's argument that no bond at all should be posted. See Fed.R.Civ.P. 65(c) (providing that

4

"[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). Taking into account the circumstances, including but not limited to the fact that over the past two years, Plaintiff has continued living at the real property at issue without making any payments to Defendants, the Court finds that a bond in the amount of $3,000 per month, the approximate fair rental value of the house and an amount that Plaintiff had previously represented that she could afford to pay, is appropriate.

Accordingly, the Court GRANTS Plaintiff's motion for a preliminary injunction on condition that she pay a bond of $3,000 per month, starting on October 20, 2011. The temporary restraining order remains in effect until that date. If proof of payment on the bond is timely provided, a preliminary injunction will be entered as a separate document. The bond condition may be satisfied without a formal bond, by depositing the required amounts in Defendants' attorneys' trust account. The preliminary injunction will be lifted if Plaintiff discontinues payment on the bond.

IT IS SO ORDERED.

Dated: 10/18/2011

CLAUDIA WILKEN
United States District Judge