**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  VICTORIA P. MAGANA, an                      No. C 11-03993 CW
   individual,

5                                              ORDER GRANTING
            Plaintiff,                         PRELIMINARY

6                                              INJUNCTION AND
      v.                                       ORDERING PAYMENT

7                                              OF BOND

8  WELLS FARGO BANK, N.A.; LSI TITLE
   COMPANY, a California
   Corporation; and NDEX WEST LLC, a

9  Delaware limited liability
   corporation,

10

11          Defendants.
   _____/

12

13      On August 29, 2011, pursuant to the ex parte application of

14  Plaintiff Victoria P. Magana, the Court entered a temporary

15  restraining order (TRO) against Defendants Wells Fargo Bank, N.A.,

16  and NDEx West LLC,[1] preventing Defendants from proceeding with a

17  trustee's sale of property located at 1113 Remington Court in

18  Sunnyvale, California.  Plaintiff now seeks a preliminary

19  injunction against Defendants.  Defendants oppose the motion.  The

20  motion was heard on October 6, 2011.  Having considered oral

21  arguments and the papers submitted by the parties, the Court

22  GRANTS Plaintiff's motion, on the condition that she posts a bond.

23                            BACKGROUND

24      In March 2007, Plaintiff obtained a mortgage loan from

25  Defendants secured by a deed of trust against her real property at

26

27      [1] Plaintiff has voluntarily dismissed her claims against
    Defendant LSI Title Company.  (Docket No. 14.)

28

1   1113 Remington Court in Sunnyvale, California.  Defendants'

2   records state that Plaintiff stopped making mortgage payments in

3   the spring of 2009.  On May 26, 2010, Defendants recorded a Notice

4   of Default on the property.  On August 27, 2010, Defendants

5   recorded a Notice of Trustee's Sale.  A non-judicial foreclosure

6   sale was subsequently scheduled for July 8, 2011.  Plaintiff filed

7   a verified complaint in state court on July 7, 2011, the day

8   before the scheduled foreclosure sale.  On July 8, 2011, the state

9   court issued a TRO postponing the trustee's sale until August 25,

10  2011.  Defendant Wells Fargo filed a notice of removal to federal

11  court on August 12, 2011.

LEGAL STANDARD

13      "A plaintiff seeking a preliminary injunction must establish

14  that he is likely to succeed on the merits, that he is likely to

15  suffer irreparable harm in the absence of preliminary relief, that

16  the balance of equities tips in his favor, and that an injunction

17  is in the public interest."  Winter v. Natural Res. Def. Council,

18  Inc., 129 S. Ct. 365, 374 (2008).

19      Alternatively, "a preliminary injunction could issue where

20  the likelihood of success is such that serious questions going to

21  the merits were raised and the balance of hardships tips sharply

22  in plaintiff's favor," so long as the plaintiff demonstrates

23  irreparable harm and shows that the injunction is in the public

24  interest.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d

25  1127, 1131 (9th Cir. 2011) (citation and internal quotation and

26  editing marks omitted).  A court employs a sliding scale when

27  considering a plaintiff's showing as to the likelihood of success

28  on the merits and the likelihood of irreparable harm.  Id.  "Under

**United States District Court**
For the Northern District of California

1 this approach, the elements of the preliminary injunction test are

2 balanced, so that a stronger showing of one element may offset a

3 weaker showing of another." Id.

4                          DISCUSSION

5      California Civil Code section 2923.5 "concerns the crucial

6 first step in the foreclosure process: The recording of a notice

7 of default as required by section 2924." Mabry v. Superior Court,

8 185 Cal. App. 4th 208, 221 (2010).  Under section 2923.5, a lender

9 may not file a notice of default until thirty days after it has

10 contacted "the borrower by phone or in person to 'assess the

11 borrower's financial situation and explore options for the

12 borrower to avoid foreclosure.'"[2]  Id. (quoting Cal. Civ. Code

13 § 2923.5(a)(2)).  During this conversation, the lender must advise

14 the borrower that the borrower may request additional meetings,

15 which the lender must schedule within fourteen days, and the

16 lender must provide the borrower with the toll-free telephone

17 number for the United States Department of Housing and Urban

18 Development (HUD) to find a HUD-certified housing counseling

19 agency.  Cal. Civ. Code § 2923.5(a)(2).  "If section 2923.5 is not

20 complied with, then there is no valid notice of default, and

21 without a valid notice of default, a foreclosure sale cannot

22 proceed." Id. at 223.  The remedy for a failure to comply with

23 section 2923.5 is "to postpone the sale until there has been

24 compliance with" the statute.  Id. (citing Cal. Civ. Code

25 § 2924g(c)(1)(A)).

26 _____

27      [2] Alternatively, a lender may comply with section 2923.5 by
completing the due diligence requirements of subdivision (g) of
the statute.  Mabry, 185 Cal. App. 4th at 221.

28

United States District Court

For the Northern District of California

1    Plaintiff's declaration and verified complaint are sufficient

2 to demonstrate she is likely to succeed on the merits of her claim

3 under section 2923.5(a)(2).  Although Defendants have submitted

4 records documenting some communications between the parties that

5 took place thirty days or more before the recording of the notice

6 of default, these records do not demonstrate that Defendants

7 complied with the requirements of section 2923.5(a)(2).

8 Specifically, these documents do not show that Defendants

9 initiated the requisite telephone calls or in-person meetings.

10 These records also do not support that during these conversations

11 Defendants informed Plaintiff of her right to request a further

12 meeting in person or over the phone, to take place within fourteen

13 days, or of the HUD toll-free telephone number.  Defendants cannot

14 meet the obligations of section 2923.5(a)(2) by sending form

15 letters. Mabry, 185 Cal. App. 4th at 209-10.

16    Further, because the Remington Court property is likely to be

17 sold at the foreclosure sale, Plaintiff has demonstrated that she

18 is likely to suffer irreparable harm.  The balance of equities

19 tips in Plaintiff's favor because, in the absence of preliminary

20 injunctive relief, she faces the sale of the Remington Court

21 property; in contrast, as explained above, preliminary injunctive

22 relief provided under section 2923.5 will only delay the

23 foreclosure sale to permit compliance with the statute.  Finally,

24 the public interest favors vindicating the Legislature's intent

25 "to have individual borrowers and lenders 'assess' and 'explore'

26 alternatives to foreclosure."  Mabry, 185 Cal. App. 4th at 223.

27    The Court, however, rejects Plaintiff's argument that no bond

28 at all should be posted.  See Fed.R.Civ.P. 65(c) (providing that

4

**United States District Court**
For the Northern District of California

1   "[t]he court may issue a preliminary injunction or a temporary

2   restraining order only if the movant gives security in an amount

3   that the court considers proper to pay the costs and damages

4   sustained by any party found to have been wrongfully enjoined or

5   restrained").  Taking into account the circumstances, including

6   but not limited to the fact that over the past two years,

7   Plaintiff has continued living at the real property at issue

8   without making any payments to Defendants, the Court finds that a

9   bond in the amount of $3,000 per month, the approximate fair

10   rental value of the house and an amount that Plaintiff had

11   previously represented that she could afford to pay, is

12   appropriate.

13       Accordingly, the Court GRANTS Plaintiff's motion for a

14   preliminary injunction on condition that she pay a bond of $3,000

15   per month, starting on October 20, 2011.  The temporary

16   restraining order remains in effect until that date.  If proof of

17   payment on the bond is timely provided, a preliminary injunction

18   will be entered as a separate document.  The bond condition may be

19   satisfied without a formal bond, by depositing the required

20   amounts in Defendants' attorneys' trust account.  The preliminary

21   injunction will be lifted if Plaintiff discontinues payment on the

22   bond.

23       IT IS SO ORDERED.

24   Dated:  10/18/2011

CLAUDIA WILKEN
United States District Judge

25

26

27

28

5